IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,925-01






EX PARTE STEVEN BARKER SIROIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR17318-A IN THE 35TH JUDICIAL DISTRICT COURT


FROM BROWN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault of a child and sentenced to thirty-five years' imprisonment. The Eleventh
Court of Appeals affirmed his conviction. Sirois v. State, No. 11-06-00240-CR (Tex. App. -
Eastland, April 24, 2008, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object when the State elicited testimony from both lay and expert witnesses
regarding the truthfulness of the complainant, and then emphasized such testimony during closing
arguments. Applicant also alleges that counsel failed to object when the State called Applicant's
daughter solely for the purpose of impeaching her testimony with otherwise inadmissible hearsay
testimony from another witness.

 The State has not filed an answer in this case, and the trial court had not entered findings of
fact and conclusions of law. There is no affidavit from trial counsel in the record. Applicant has
alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984);
Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court shall provide Applicant's
trial counsel with the opportunity to respond to Applicant's claim of ineffective assistance of
counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 18, 2009

Do not publish